# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **THE LANDS COUNCIL, a Washington nonprofit corporation and KOOTENAI ENVIRONMENTAL ALLIANCE, an Idaho nonprofit corporation, the ECOLOGY CENTER, a Montana nonprofit corporation,** | CASE NO: CV04-214-N-EJL |
| **Plaintiffs,** | **MEMORANDUM ORDER** |
| vs. | |
| **GAIL KIMBELL, Regional Forester of Region One of the U.S. Forest Service and U.S. FOREST SERVICE, an agency of the United States,** | |
| **Defendants.** | |

Pending before the Court in the above-entitled matter are Defendants' Motion to Dismiss and Plaintiffs' Motion for Attorneys Fees. Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this Court without oral argument.

Factual Background

Plaintiffs filed their Complaint for Declaratory and Injunctive Relief on April 30, 2004 alleging the Defendants had violated the National Environmental Policy Act ("NEPA"), the Clean Water Act ("CWA"), the National Forest Management Act ("NFMA"), the Administrative Procedures Act ("APA") and the Idaho Code and Idaho Administrative Code when the Forest Service approved a logging project in the Coeur d'Alene District of the Idaho Panhandle National Forest ("Deerfoot

Project"). In May, the Defendants agreed not to proceed with the timber harvesting until the Court ruled on the merits of the Complaint.

Plaintiffs moved for summary judgment on July 30, 2004, and Defendants moved to stay proceedings on August 26, 2004. The stay was based on the Ninth Circuit's decision in <u>Lands Council v. Powell</u>, 379 F.3d 7384 (9th Cir. 2004) and the Defendants decision to seek a rehearing or a writ of certiorari. In January 2005, the Ninth Circuit issued an amended decision. <u>Lands Council v. Powell</u>, 395 F.3d 1019 (9th Cir. 2005). In April, 2005, the Defendants' time to seek a writ of certiorari expired. In May 2005, the Forest Supervisor issued a letter withdrawing the record of decision on the Deerfoot Project based on the decision in <u>Lands Council v. Powell</u>, 395 F. 3d 1019 (9th Cir. 2005). In June 2005, Defendants filed a motion to dismiss the Complaint claiming the issues are moot since the Deerfoot Project has been withdrawn. Plaintiffs filed for attorneys fees and costs in July, 2005. Plaintiffs argue if the Court needs to enter judgment before the Plaintiffs can be considered prevailing parties, then they request the Court to rule on the merits of the summary judgment motion to prevent the Forest Service from engaging in similar unlawful activity in the future. Defendants object to Plaintiffs' motion for fees arguing Plaintiffs are not prevailing parties.

Motion to Dismiss

The Court finds the motion to dismiss is a jurisdictional question unrelated to the question of whether attorneys fees may be awarded. Defendants move the Court to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) claiming the Court lacks jurisdiction over the subject matter. The Deerfoot Project has been withdrawn. Therefore, the Defendants claim the Plaintiffs' challenges to the Deerfoot Project are moot and the case must be dismissed. The Court agrees.

The District Court is a court of limited jurisdiction. The existence of a "case or controversy" is a jurisdictional prerequisite. If a case or controversy no longer exists, this Court lacks jurisdiction over the matter.

> The exercise of judicial power under Article III of the Constitution depends on the existence of a case or controversy. As the Court noted in <u>North Carolina v. Rice,</u> (citations omitted), a federal court has neither the power to render advisory opinions nor to decide questions that cannot affect the rights of litigants in the case before them. Its judgments must resolve a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion

>advising what the law would be upon an hypothetical state of facts . . . . The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.

Preiser v. Newkirk, 422 U.S. 395, 401 (1975). Since the project has been withdrawn, there is no case or controversy for this Court to resolve.

Plaintiffs' argument this Court should analyze the merits of the summary judgment motion to prevent the Forest Service from engaging in similar unlawful activity is not well-taken. First, Plaintiffs are speculating that the Forest Service acted unlawfully regarding the Deerfoot Project. There has been no judicial determination that the Forest Service acted unlawfully concerning the Deerfoot Project. While it is true the court in the Lands Council v. Powell, 395 F.3d 1019 (9th Cir. 2005), determined the Forest Service acted unlawfully, such a finding has not been made on this project and need not be made as the project has been withdrawn. Because this is a Court of limited jurisdiction, the Court may not issue advisory opinions on withdrawn projects. Moreover, such an advisory opinion would be a waste of limited judicial resources.

Second, this Court's experience is that every timber harvesting project is unique and the Forest Service attempts to take into account the most recent case law in evaluating projects. The Plaintiffs are speculating that future timber harvests will not be properly analyzed by the Forest Service. This Court cannot consider speculative arguments as to future conduct to create subject matter jurisdiction.

Third, if the Forest Service proceeds with the Deerfoot Project at a later date, the Plaintiffs are free to challenge such a decision at that time. For these reasons, the Plaintiffs arguments seeking review are denied and the case is dismissed.

## Attorneys Fees and Costs

Plaintiffs seek attorneys fees pursuant to 28 U.S.C. § 2412 and 33 U.S.C. § 1365(d). Neither of these statutes provide for attorneys fees to be awarded under the facts of this particular case.

Under the Equal Access to Justice Act, 28 U.S.C. § 2412, a court may award reasonable attorneys fees and costs to the prevailing party in any civil action brought against the United States, however, attorneys fees are to be resolved after a final judgment has been entered. In applying Supreme Court precedents, the Plaintiffs in this case are not "prevailing parties" for purposes of awarding fees and costs. The Supreme Court interpreted "prevailing party" to mean a party who

receives either a judgment on the merits or a court-ordered consent decree. <u>Buckhannon Board and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources</u>, 532 U.S. 598 (2001). The Supreme Court went on to reject the "catalyst" theory of recovery for attorneys fees where a party gets a change in conduct by a defendant, but not a judgment on the merits or consent decree. <u>Id.</u> There has been no judgment on the merits or a consent decree entered in Plaintiffs' favor in this case. While the Defendants have changed their conduct regarding the Deerfoot Project due to Plaintiffs' lawsuit, Plaintiffs do not meet the definition of a "prevailing party" for the award of attorneys fees.

The Court acknowledges the Ninth Circuit ruling in <u>Association of California Water Agencies v. Evans</u>, 386 F.3d 879 (9th Cir. 2004) wherein attorneys fees were allowed for a catalyst complaint. The cited case is distinguishable from the case at bar as the <u>California Water</u> case involved the Endangered Species Act which allows for the award of litigation costs "whenever the court determines such an award is appropriate" and there was arguably a consent decree entered in a related case that supported the court's finding plaintiffs were prevailing parties. In the case at bar, the Plaintiff did not file their action pursuant to the Endangered Species Act or any other statute containing the broad attorneys fees language used in the Endangered Species Act. Therefore, <u>Buckhannon</u> controls and the Plaintiffs are not entitled to "catalyst" attorneys fees as they are not prevailing parties.

Concerning the Clean Water Act ("CWA"), the Plaintiffs argument for fees and costs also fails. The CWA arguably allows for "catalyst" attorney fees and costs. However, attorneys fees and costs are only statutorily allowed under the citizen suit provision of the CWA and Plaintiffs did not file their action pursuant to the citizen suit provisions of the CWA. <u>See</u> 33 U.S.C. §  1365(d) which provides:

> Litigation costs.  The court, in issuing any final order in any action brought pursuant to this section, may award costs of litigation . . .to any prevailing or substantially prevailing party, whenever the court determines such award is appropriate.

If a party gives defendant notice before it files suit, then waits the requisite time and files suit and it takes the filing of the lawsuit  before defendant's conduct changes, it does seem possible that catalyst attorneys fees would be appropriate even if no judgment was entered as plaintiffs would have substantially prevailed by getting defendant to change its conduct. But such is not the case before the Court.  Plaintiffs did not give notice under § 1365 before filing the lawsuit and did not file their lawsuit

as a citizen suit under § 1365. Accordingly, Plaintiffs may not seek the benefits of the statutory provision for litigation costs under the CWA.

## Order

Being fully advised in the premises, the Court hereby orders, the Defendants' motion to dismiss (Docket No. 22) is GRANTED and the case is dismissed in its entirety. It is further ordered that Plaintiffs' motion for attorneys fees (Docket No. 24) is DENIED.

DATED: **September 30, 2005**

Honorable Edward J. Lodge
U. S. District Judge